HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC., BARD DEVICES INC.,
and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| XAVIER CASTRO<br><br>Plaintiff,<br><br>v.<br><br>DAVOL,INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD INC., a corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. CV08-01966 VBF (OPx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC., BARD DEVICES, INC., AND C.R. BARD, INC. AND DEMAND FOR JURY TRIAL** |

Defendants Davol Inc., Bard Devices Inc., and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**NATURE OF THE CASE**

1. Paragraph 1 of the Complaint either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 1.

## PARTIES

**Plaintiffs**

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. With respect to the allegations directed at Defendants, Defendants admit that Davol at various times designed, manufactured, distributed, marketed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny any remaining allegations in Paragraph 2.

**Defendants**

3. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island, and that it is a subsidiary of C.R. Bard, Inc. Davol further admits at various times it has manufactured, designed, marketed, labeled, distributed, and sold the Composix® Kugel® Patch throughout the United States, including the State of California for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations.

4. Bard Devices admits that it is organized under the laws of the State of New Jersey and that it is a subsidiary of C.R. Bard, Inc. Bard Devices denies each and every remaining allegation in Paragraph 4.

5. C.R. Bard admits that it is organized under the laws of the State of New Jersey and that Bard Devices and Davol are its subsidiaries. Bard further admits that it does business throughout the United States, including the State of California. Bard denies the remaining allegations in Paragraph 5.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants either lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. Defendants accordingly deny the allegations in

Paragraph 6.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations. Bard and Bard Devices deny the allegations presented in Paragraph 14.

## JURISDICTION AND VENUE

15. Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met.

16. The allegations in Paragraph 6 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. Defendants admit that at various times Davol designed, distributed, marketed, labeled, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

18. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. Defendants admit that the Composix® Kugel® Hernia Patch includes a double layer of polypropylene mesh bonded to a single layer of expanded polytetrafluoroethylene (ePTFE) and incorporates "memory recoil ring" technology. Defendants deny any remaining allegations in this paragraph.

19. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. To the extent any allegations are directed to Bard or Bard Devices, they are denied.

20. Defendants deny the allegations in Paragraph 20.

21. The Establishment Inspection Report referenced in Paragraph 21 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants admit that at various times Davol designed, manufactured, marketed, labeled, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny each and every remaining allegation in this paragraph.

24. Defendants deny the allegations in Paragraph 24.

25. The Establishment Inspection Report referenced in Paragraph 25 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

26. Defendants deny the allegations in Paragraph 26. Defendants state that at

all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

27. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death." Defendants deny any material allegations.

28. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breakage. Davol further admits that it has received reports of bowel perforation, ring migration, intestinal fistulae, infection, abdominal pain, abscess, adhesions, and bowel obstruction. Defendants deny the remaining allegations.

29. The Establishment Inspection Report referenced in Paragraph 29 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

30. Defendants admit that Davol initiated a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

31. Defendants admit that Davol initiated a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

32. The FDA Warning Letter referenced in Paragraph 32 speaks for itself. To the extent any material allegations are made, Defendants deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore deny the same.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore deny the

same.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. (Plaintiff inadvertently omits Paragraph 40 in his Complaint and continues at Paragraph 41).

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations..

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FRAUDULENT CONCEALMENT

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. The allegations in Paragraph 50 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

51. In response to Paragraph 51 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

52. The allegations in Paragraph 52 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. The allegations in Paragraph 54 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

55. The allegations in Paragraph 55 and its subparts (a) through (p) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

## (Against All Defendants)

61. In response to Paragraph 61 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

62. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to any remaining allegations contained in Paragraph 62 of the complaint, Davol denies each and every remaining allegation in the paragraph. Bard and Bard Devices denies each and every allegation presented in Paragraph 62.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

69. The allegations in Paragraph 69 are conclusions of law, and no answer is

required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and Defendants therefore deny the allegations.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and Defendants therefore deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

**(Against All Defendants)**

76. In response to Paragraph 76 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

77. Davol admits that at various times it designed, manufactured, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 77 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard and Bard Devices deny each and every allegation presented in Paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 78, and Defendants therefore deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. Paragraph 83 of the Complaint either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 83.

84. The allegations in Paragraph 84 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

85. The allegations in Paragraph 85 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

88. The allegations in Paragraph 88 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law, and no answer is

required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

92. The allegations in Paragraph 92 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FOURTH CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**

**(Against All Defendants)**

93. In response to Paragraph 93 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

94. The allegations in Paragraph 94 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and Defendants therefore deny the allegations.

96. The allegations in Paragraph 96 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**(Against All Defendants)**

97. In response to Paragraph 97 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

98. The allegations in Paragraph 98 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

104. The allegations in Paragraph 104 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

105. The allegations in Paragraph 105 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SIXTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**(Against All Defendants)**

106. In response to Paragraph 106 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

107. Davol admits that at various times it designed, manufactured, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 107 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard and Bard Devices deny each and every allegation presented in Paragraph 107.

108. The allegations in Paragraph 108 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. The allegations in Paragraph 110 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

111. The allegations in Paragraph 111 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

113. The allegations in Paragraph 113 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SEVENTH CAUSE OF ACTION**

**DECEIT BY CONCEALMENT – CAL. CIV. CODE §§ 1709 - 1710**

**(Against All Defendants)**

115. In response to Paragraph 115 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

116. The allegations in Paragraph 116 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 and its subparts (a) through (m) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

120. The allegations in Paragraph 120 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

121. The allegations in Paragraph 121 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

122. The allegations in Paragraph 122 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

123. The allegations in Paragraph 123 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

125. The allegations in Paragraph 125 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**EIGHTH CAUSE OF ACTION**

**DECEIT BY INTENTIONAL MISREPRESENTATION – CAL. CIV. CODE §§ 1709 - 1710**

**(Against All Defendants)**

128. In response to Paragraph 128 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

129. The allegations in Paragraph 129 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

131. The allegations in Paragraph 131 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

132. The allegations in Paragraph 132 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

133. The allegations in Paragraph 133 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

134. The allegations in Paragraph 134 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

135. The allegations in Paragraph 135 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

136. The allegations in Paragraph 136 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

137. The allegations in Paragraph 137 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

138. The allegations in Paragraph 138 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

139. The allegations in Paragraph 139 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

140. The allegations in Paragraph 140 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## NINTH CAUSE OF ACTION

## FRAUD AND DECEIT

**(Against All Defendants)**

141. In response to Paragraph 141 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

142. The allegations in Paragraph 142 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

143. The allegations in Paragraph 143 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

144. The allegations in Paragraph 144 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

145. The allegations in Paragraph 145 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

146. The allegations in Paragraph 146 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

147. The allegations in Paragraph 147 are conclusions of law, and no answer

is required. To the extent an answer is required, Defendants deny the allegations.

148. The allegations in Paragraph 148 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

149. The allegations in Paragraph 149 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

150. The allegations in Paragraph 150 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

151. The allegations in Paragraph 151 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

152. The allegations in Paragraph 152 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

153. The allegations in Paragraph 153 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**TENTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(Against All Defendants)**

154. In response to Paragraph 154 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

155. The allegations in Paragraph 155 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

156. The allegations in Paragraph 156 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

157. The allegations in Paragraph 157 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

158. The allegations in Paragraph 158 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

159. The allegations in Paragraph 159 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

160. The allegations in Paragraph 160 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

161. The allegations in Paragraph 161 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

162. The allegations in Paragraph 162 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

163. The allegations in Paragraph 163 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESSES AND PROFESSIONS CODE §§ 17200, ET SEQ.**

**(Against All Defendants)**

164. In response to Paragraph 164 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

165. The allegations in Paragraph 165 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

166. The allegations in Paragraph 166 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

167. The allegations in Paragraph 167 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

168. The allegations in Paragraph 168 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

169. The allegations in Paragraph 169 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

170. The allegations in Paragraph 170 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

171. The allegations in Paragraph 171 are conclusions of law, and no answer

is required. To the extent an answer is required, Defendants deny the allegations.

172. The allegations in Paragraph 172 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESSES AND PROFESSIONS CODE §§ 17500, ET SEQ.**

**(Against All Defendants)**

173. In response to Paragraph 173 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

174. The allegations in Paragraph 174 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

175. The allegations in Paragraph 175 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

176. The allegations in Paragraph 176 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

177. The allegations in Paragraph 177 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

178. The allegations in Paragraph 178 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

179. The allegations in Paragraph 179 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

180. The allegations in Paragraph 180 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE §§ 1750, ET SEQ.**

**(Against All Defendants)**

181. In response to Paragraph 181 of the Complaint, Defendants incorporate

by reference their responses in all preceding paragraphs.

182. The allegations in Paragraph 182 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

183. The allegations in Paragraph 183 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

184. The allegations in Paragraph 184 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

185. The allegations in Paragraph 185 and its subparts (a) and (b) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 and its subparts (a) through (d) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

187. The allegations in Paragraph 187 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

188. The allegations in Paragraph 188 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

189. The allegations in Paragraph 189 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

190. The allegations in Paragraph 190 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## PUNITIVE DAMAGES ALLEGATIONS

## CIVIL CODE § 3294

**(Against All Defendants)**

191. In response to Paragraph 191 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

192. The allegations in Paragraph 192 are conclusions of law, and no answer

is required. To the extent an answer is required, Defendants deny the allegations.

193. The allegations in Paragraph 193 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

194. The allegations in Paragraph 194 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

195. The allegations in Paragraph 195 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for his failure to provide Defendants with timely notice of his claims as required by the California Uniform Commercial Code.

8. Plaintiff's or Plaintiff's agent, including his physicians' misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product

labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bar Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes

that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Daly v. General Motors Corp., 20 Cal.3d 725 (1978)), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

21. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

26. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

28. The applicable state and federal law, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the California Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly

situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the California Constitution.

30. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

31. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than California.

33. Plaintiff's purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal.3d 1049, and its progeny.

34. There was no detrimental reliance on any representations of Defendants, if any there were.

35. Plaintiff is not a proper party and lacks standing to assert the purported claims set forth in the Complaint.

36. Any and all representations of Defendants were, by their nature, not actionable.

37. Any and all conduct by Defendants was justified, reasonable and appropriate.

38. Any practices by Defendants are not unlawful in that Defendants have complied with all applicable statutes, ordinances or other laws.

39. Any practices by Defendants are not unlawful in that Defendants have substantially complied with all applicable statutes, ordinances or other laws.

40. Plaintiff is estopped from alleging any cause of action against Defendants in that Defendants relied upon regulatory approval for any practices.

41. Any practices by Defendants are not unfair; any such practices have utility and value that outweigh any potential harm in that they are valuable, practical, fair, nondeceptive and useful to Defendants' operations.

42. Any practices by Defendants are not fraudulent and were not likely to mislead the public in any material respect.

43. Plaintiff and members of the general public had reasonably available an alternative source of supply from which to obtain any goods or services provided and freely consented to any goods or services provided and, as such, the Complaint fails to state a cause of action for unfair business practices.

44. In the event Plaintiff has asserted any purported claims in a representative capacity, this is improper and barred in that Plaintiff has failed to meet the requirements of Code of Civil Procedure Section 382, as required by "Proposition 64".

45. Any practices by Defendants are not unfair in that any such practices have utility and value that outweigh any potential harm in that they are valuable, practical, fair, non-deceptive and useful to Defendants' operations.

46. Plaintiff is not entitled to injunctive relief, disgorgement of profits by Defendants, attorneys' fees or any other form of relief in connection with any practices of Defendants.

47. Any injunctive relief granted must be directed at a practice prohibited by the statutes, ordinances or other laws in question, not some purported ancillary wrong.

48. In the event Plaintiff is entitled to any relief at all, which is denied, Plaintiff had adequate money damages available, but failed to timely seek such damages, thereby barring injunctive relief.

49. Plaintiff has failed to state a proper claim for injunctive relief as the matter is now moot.

50. Plaintiff's Complaint, and each and every purported cause of action of said Complaint, fails to state a claim upon which attorneys' fees can be awarded

against Defendants.

51. Plaintiff's action and claims are barred by the doctrine of estoppel.

52. Plaintiff's action and claims are barred by the doctrine of waiver.

53. Plaintiff is not entitled to the relief requested in that there is an adequate remedy at law, to the extent Plaintiff is entitled to any relief, which is denied.

54. Plaintiff's action and claims are barred by the doctrine of unclean hands.

55. Plaintiff's action and claims are barred by the sophisticated user doctrine.

56. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc., Bard Devices Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: May 7, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendants
DAVOL INC., BARD DEVICES INC.
and C.R. BARD, INC.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that these answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 7, 2008

Respectfully submitted

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder

Thomas M. Frieder
Attorney for Defendants
DAVOL INC., BARD DEVICES INC.
and C.R. BARD, INC.